**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**
10-25-2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | | |
|---|---|---|
| MARIA SICINSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:22-cv-02799 (UNA) |
| | ) | |
| | ) | |
| GEORGE W. BUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  For the reasons explained below, the court will grant the IFP application and dismiss the complaint, and this matter, without prejudice.

Plaintiff is a resident of Poland.  She sues former President George Bush, another individual named George Handy, and a few other defendants that cannot be discerned.  Indeed, much of the complaint is hand-written and difficult to follow.  Even where they can be somewhat understood, the allegations still fail to set forth a cognizable claim.  Plaintiff wages wide-ranging accusations with no context or supporting facts, alleging fraud, medical malpractice, and assault and other injuries to her person.  She appears to demand monetary damages.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted

so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls within this category. As presented, neither the court nor the defendants—to the extent that they can be understood—can reasonably be expected to identify plaintiff's intended claims, and the complaint also fails to set forth allegations with respect to this court's ability to exert subject matter jurisdiction or venue.

For the stated reasons, plaintiff's IFP application is granted, and this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: October 25, 2022

_____ s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge